[692 NYS2d 716]

In the Matter of ERIC JAY PIEPES, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 12, 1999

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn (*Mark DeWan* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn (*Mitchell K. Friedman* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition that contained 11 charges of professional misconduct against him. In his answer, the respondent admitted most of the factual allegations contained in the petition, but denied that he was guilty of any professional misconduct. After a hearing, the Special Referee sustained Charges One, Two, Four, Six, and Eight, and failed to sustain Charges Three, Five, Seven, Nine, Ten, and Eleven. The Grievance Committee now moves to confirm the report of the Special Referee except insofar as it failed to sustain Charge Five. The respondent cross-moves to confirm the report of the Special Referee insofar as it failed to sustain Charges Three, Five, Seven, Nine, Ten, and Eleven, and to disaffirm the report insofar as it sustains the remaining charges.

Charges Two and Four are based on the following factual allegations.

On or about September 4, 1995, Susan LeBright was involved in an altercation with a neighbor, Shelly Birnbaum, in Oyster Bay, New York. The Nassau County Police responded to the scene, and Ms. LeBright told the police that Ms. Birnbaum had initiated the altercation. The police declined to arrest either Ms. LeBright or Ms. Birnbaum.

On or about December 10, 1995, Ms. Birnbaum filed a claim with the New York State Crime Victims Board, seeking monetary compensation for injuries allegedly arising out of the altercation with Ms. LeBright. On or about March 14, 1996, Ms. Birnbaum's claim was denied by the Crime Victims Board. On or about April 4, 1996, Ms. Birnbaum requested a hearing before the Crime Victims Board to appeal its denial of her claim. A hearing was initially scheduled for August 22, 1996, but then rescheduled for November 1996.

In or about July 1996, Ms. LeBright moved from New York to Florida. Before she moved to Florida, she submitted a change-of-address form to the local post office.

On or about November 6, 1996, the respondent sent a letter to Ms. LeBright at her home address in Fort Lauderdale, Florida, conveying an offer purportedly made by Ms. Birnbaum's father, Milton Birnbaum, to benefit her in the sum of $25,000 in exchange for her cooperation in his daughter's disability case against her current employer. The respondent also indicated in the letter: "Mr. Birnbaum, due to [the] gravity of his present health problems, has contacted this office directly

to represent his daughter before the arbitration hearing unit of her employer. It is this arbitration unit who will decide as to the continuity of Ms. Birnbaum's disablement. As such, he has requested that I contact you forthwith to make his offer known before the November 13, 1996, hearing date".

The respondent further indicated in the letter: "In exchange for your notarized statement in regard to the altercation of September 4, 1995 (enclosed herewith), Mr. Birnbaum has agreed to irrevocably amend his precatory testamentary intention to conditionally bequest you the sum of twenty five thousand dollars ($25,000) after the arbitration hearing on November 13, 1996, before chairperson Gennaro A. Fischetti".

The notarized statement that the respondent prepared for Ms. LeBright's signature stated that she had initiated the altercation and that Ms. Birnbaum had merely acted in self-defense. Moreover, the statement directed that it be entered into the record of Shelly Birnbaum's hearing before Chairperson Gennaro A. Fischetti at the Crime Victims Board.

In the letter, the respondent indicated that the offer would lapse if Ms. LeBright failed to execute and return the enclosed notarized statement to the respondent's office by November 12, 1996.

Charge Two alleges that, based on the foregoing factual allegations, the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Four alleges that, based on the foregoing factual allegations, the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charges Six and Eight are based on the following factual allegations.

On or about February 3, 1997, Ms. LeBright filed a complaint of professional misconduct against the respondent with the Grievance Committee in connection with the aforementioned letter and enclosure. In his February 14, 1997 answer to Ms. LeBright's complaint, the respondent provided the following false and misleading explanation: "This correspondence was designed to obtain a response from Ms. LeBright thereby verifying her current residence. There was neither any factual offer nor proposal being made to Ms. LeBright in any way,

shape or form. In fact, this approach is analogous to the government and other authorities sending out award letters promising money to the recipients and then arresting them for their misdeeds upon responding to the letter's directives".

Charge Six alleges that, based on the foregoing factual allegations, the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Eight alleges that, based on the foregoing factual allegations, the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

The Special Referee properly sustained Charges Two, Four, Six, and Eight. The remaining charges are not sustained.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider the personal difficulties enumerated by him in his testimony at the hearing, the effects of the drug Redux on his behavior, the testimony of Drs. Sussman and Fraenkel, and his previously unblemished record.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion is granted insofar as Charges Two, Four, Six, and Eight are sustained, Charges Three, Seven, Nine, Ten, and Eleven are not sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted insofar as Charges One, Three, Five, Seven, Nine, Ten, and Eleven are not sustained, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Eric Jay Piepes, is suspended from the practice of law for a period of one year, commencing July 26, 1999, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules

governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Eric Jay Piepes, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law. [As amended by unpublished order entered July 26, 1999.]